[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16030
Non-Argument Calendar

_____

D. C. Docket No. 05-00038-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNIE D. RUSHING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(May 14, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Donnie Rushing appeals his 32-month sentence imposed after his plea of

guilty to bank fraud in violation of 18 U.S.C. § 1344.  Rushing's sentence is 11

months more than the high end of his guideline sentencing range of 15 to 21 months' imprisonment, and below the statutory maximum of 30 years' imprisonment. On appeal, Rushing argues that the district court erred in imposing a sentence above the guideline range, where an in-range sentence was more than adequate for the purposes of punishment and deterrence. Rushing argues that, therefore, his sentence is unreasonable, and he requests a sentence within the guideline range.

We review a final sentence for reasonableness, in light of the § 3553(a) factors. *United States v. Bohannon*, 476 F.3d 1246, 1248 (11th Cir. 2007). Furthermore, "[t]he district court need not state on the record that it has explicitly considered each factor and need not discuss each factor. Rather, an acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.* (internal citation omitted).

Upon review of the sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error. Here, the district court correctly calculated the guideline range, heard all of Rushing's arguments, and stated that it considered all of the § 3553(a) factors. In addition, the district court noted the advisory nature of the Guidelines, and specified the nature and circumstances of the offense that it considered. The district court properly

2

considered the advisory Guidelines and the 18 U.S.C. § 3553(a) factors in imposing the final sentence.  Therefore, Rushing's 32-month sentence, only 11 months above the advisory guideline range and well below the statutory maximum, was reasonable.  Accordingly, we affirm.

**AFFIRMED.**